UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JERRY BUNYARD,

Petitioner,

v.

RON DAVIS, Warden,

Respondent.

No. 2:15-cv-01790 WBS AC DP

DEATH PENALTY CASE

FINDINGS AND RECOMMENDATIONS

On January 6, 2015, the court held a hearing on petitioner's motion for equitable tolling of the statute of limitations, ECF No. 20. Appointed counsel Saor E. Stetler and Richard G. Novak appeared on behalf of petitioner. Deputy Attorney General Robert C. Nash appeared for respondent. Having considered the briefing of the parties, the arguments presented at hearing, and the record of this case as a whole, the court finds as follows.

I. Background and Procedural History

Petitioner was initially sentenced to death in 1981 following his conviction of first-degree murder with special circumstances. On appeal, the California Supreme Court affirmed the conviction but reversed the death sentence on grounds of instructional error. People v. Bunyard, 45 Cal. 3d 1139 (1988). Petitioner was sentenced to death a second time following penalty retrial, and the California Supreme Court affirmed on February 23, 2009. People v. Bunyard, 45 Cal. 4th 836 (2009). On June 24, 2015, the California Supreme Court denied petitioner's petition

for writ of habeas corpus. In re Bunyard, No. S157098, 2015 Cal. LEXIS 4615 (June 24, 2015).

Proceedings commenced in this court with the filing on August 24, 2015 of a Request for Appointment of Counsel and Application for Leave to Proceed in Forma Pauperis. ECF Nos. 1, 2. The motions were granted on August 25, 2015, and counsel were appointed on August 31, 2015.

An initial Case Management Conference was held on September 18, 2015. ECF No. 10. The court indicated that it would require the Attorney General to file a complete digital copy of the state court record via the court's CM/ECF system. This court has for some time anticipated joining other California district courts in requiring electronic filing of the state court record, rather than lodgment in paper, in capital habeas cases. The instant case is the first in this district to involve the uploading of the state court record to CM/ECF. Accordingly, it was understood by the court and the parties that unforeseen logistical and technical problems might arise and make some delay inevitable.

A Scheduling Order issued on October 14, 2015. ECF No. 12. The order specified the process for electronic filing of the state court record, with a deadline of December 14, 2015. That deadline was subsequently extended to December 23, 2015. ECF Nos. 21, 22. Electronic filing of the state court record began on December 11, 2015, and concluded on December 15, 2015, only one day after the original deadline. ECF Nos. 23-26.

Petitioner had indicated at the initial Case Management Conference his intention to file a motion for equitable tolling, and a date for filing of the motion was set in the initial Scheduling Order. ECF No. 12. Petitioner subsequently obtained a 21-day extension of time. ECF Nos. 18, 19. The motion was filed on December 7, 2015. ECF No. 20. Respondent has opposed the motion, ECF No. 29, and petitioner has replied, ECF No. 30.

II. The Statute of Limitations and Standards for Equitable Tolling

Under the federal habeas statute, prisoners generally have one year from the date on which their convictions become final to file an application for federal habeas relief. 28 U.S.C. § 2244(d)(1) & (1)(A); Wixom v. Washington, 264 F.3d 894, 895 (9th Cir. 2001), cert. denied, 534 U.S. 1143 (2002). That period is statutorily tolled during the pendency of properly initiated state

collateral proceedings. 28 U.S.S. § 2244(d)(2).

The running of the limitations period is also subject to equitable tolling. Holland v. Florida, 560 U.S. 631, 645 (2010); Lee v. Lampert, 653 F.3d 929, 933 (9th Cir. 2011). Equitable tolling may be granted where a petitioner shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005). The diligence required is reasonable diligence, not "maximum feasible diligence." Holland, 560 U.S. at 653. An "extraordinary circumstance" must be outside of petitioner's control and prevent him from filing within the one-year period. See Fail v. Hubbard, 315 F.3d 1059, 1061-62 (9th Cir. 2002).[1]

III. Discussion

The parties agree in this case that the statute of limitations was statutorily tolled under § 2244(d)(2) from February 3, 2009, when petitioner's conviction became final upon the conclusion of direct review, until disposition of his state habeas petition on June 24, 2015. Accordingly, absent equitable tolling the federal petition is due on or before June 24, 2016. See Scheduling Order, ECF No. 12 at 1-2. Petitioner seeks tolling on equitable grounds for a total of 158 additional days.[2] He argues first that the limitations period should be tolled for the 68 days that he was actually unrepresented. He argues further that lack of access to the core state court record until it was electronically filed on December 15, 2015, particularly in the absence of a budget to authorize any expenditures, supports additional tolling. Respondent objects to any equitable tolling.[3]

---

1 Throughout his briefing, petitioner relies on the principle that there is a rebuttable presumption in favor of equitable tolling. See ECF No. 20 at 5; EC No. 30 at 3. If petitioner means to argue that the court must apply a rebuttable presumption in favor of equitable tolling in individual cases, he is wrong. The courts have applied a rebuttable presumption in favor of finding that AEDPA's limitations provision is subject to equitable tolling, see Lee, 653 F.3d at 933 (quoting Holland, 560 U.S. at 645-46), a matter which is well settled and not disputed here.

2 Petitioner's moving papers, filed prior to electronic filing of the state court record, sought a maximum of 173 days. ECF No. 20. In his reply (ECF No. 30), this request was amended to 158 days in light of the date the state court record became electronically available on CM/EF in its entirety.

3 Respondent does not challenge the court's authority to prospectively extend the filing date for a capital habeas petition where the standards for equitable tolling are met. Pre-petition equitable (continued…)

A. Tolling for the Time Petitioner Was Without Counsel

Petitioner seeks equitable tolling for the 68-day period between June 24, 2015, when the California Supreme Court denied his state habeas petition and the federal statute of limitations otherwise began running, and August 31, 2015, when present counsel were appointed.

1. Diligence

Petitioner has established the following facts:

On July 2, 2015, just over a week after the California Supreme Court's denial of the state petition, state habeas counsel Geraldine S. Russell sent a request for appointment of federal counsel, request for stay of execution, and request to proceed in forma pauperis to Mr. Bunyard for his signature. Declaration of Geraldine S. Russell ("Russell Decl."), ECF No. 20 at 16. Petitioner received the forms and cover letter on July 10. He signed the forms that day, and gave them to a prison official for completion of the trust account certification. The papers were returned to Mr. Bunyard on August 9, 2015, and he put them into the outgoing mail the same day. Declaration of Jerry Bunyard ("Bunyard Decl."), ECF No. 20 at 18. Meanwhile, having not yet received any paperwork back from Mr. Bunyard, state counsel sent him a second copy of the necessary paperwork on August 12. Russell Decl. On August 19, counsel received the documents that had been postmarked on August 11, 2015. Id.

Ms. Russell forwarded the paperwork to the Office of the Federal Defender upon receipt.

---

tolling in capital cases is widely accepted in this circuit. See Calderon v. United States District Court (Beeler), 128 F.3d 1283, 1288 (9th Cir. 1997) (denying warden's petition for mandamus and noting that district court's grant of pre-petition equitable tolling was "clearly correct"), overruled on other grounds by Calderon v. United States District Court (Kelly), 163 F.3d 530, 540 (9th Cir. 1998) (en banc), abrogated by Woodford v. Garceau, 538 U.S. 202 (2003); Kennedy v. Warden, 2014 U.S. Dist. LEXIS 53261 (E.D. Cal. Apr. 16, 2014), Findings and Recommendations adopted, No. 2:13-cv-02041 LKK KJN DP at ECF No. 35 (E.D. Cal. Jun. 17, 2014); Cruz v. Chappell, 2014 U.S. Dist. LEXIS 23673, 2014 WL 693595 (N.D. Cal. Feb. 21, 2014); Williams v. Chappell, 2013 U.S. Dist. LEXIS 103726, 2013 WL 3863942 (E.D. Cal. July 24, 2013); San Nicolas v. Ayers, 2007 U.S. Dist. LEXIS 21425, 2007 WL 763221 (E.D. Cal. Mar. 9, 2007); Dickey v. Ayers, 2006 U.S. Dist. LEXIS 89170, 2006 WL 3359231 (E.D. Cal. Nov. 20, 2006); Holloway v. Wong, 2006 WL 1652388 (E.D. Cal. Jun. 13, 2006). Here, respondent raises the prospectivity issue only in the context of arguing that petitioner has not established the impossibility of timely filing absent equitable tolling. ECF No. 29 at 7. That issue is addressed in discussion of the "extraordinary circumstances" prong of the equitable tolling analysis.

Id. The person in the Federal Defender's Office responsible for filing the request for appointment of counsel was temporarily out of the office. Id. The request for appointment of counsel and for stay of execution, and application for leave to proceed in forma pauperis, were filed on August 24, 2015. ECF No. 1. The motion for appointment of counsel was granted on August 25, and the matter was referred to the Eastern District Selection Board for the location of counsel willing and able to accept appointment. ECF No. 5. Mr. Stetler and Mr. Novak were appointed on August 31, 2015.

The court finds that petitioner acted with reasonable diligence to initiate his federal habeas case and secure the statutorily-guaranteed appointment of counsel upon conclusion of his state habeas proceedings. Accordingly, petitioner has satisfied the first requirement for equitable tolling.

2. Extraordinary Circumstances

Petitioner contends that the 68 day delay in appointing counsel constitutes an extraordinary circumstance supporting tolling, in light of the age and complexity of the case, the length of the record, and the time accordingly required to investigate and prepare the petition. In general, the timing of the appointment of counsel is a matter entirely outside of a petitioner's control. See Dennis v. Woodford, 65 F. Supp. 2d 1093, 1097 (N.D. Cal. 1999); Spitsyn v. Moore, 345 F.3d 796, 800-02 (9th Cir. 2003). Here petitioner also experienced a month-long delay in the processing of his trust account paperwork by prison officials, and shorter delays related to the inmate mail system, which were equally beyond his control and delayed the filing of the motion for appointment. In this case it was delay by prison officials, rather than delay by the court, that appears to have primarily caused the delay in appointment of counsel. [4] In any event, petitioner has established that the circumstance of being unrepresented by counsel for 68 days was wholly

[4] Under Ninth Circuit precedent, these circumstances entitle petitioner to equitable tolling without regard to the appointment of counsel issue. Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999) (reversing denial of equitable tolling where prison officials delayed processing of inmate's trust account paperwork and outgoing mail). Accordingly, petitioner should be granted equitable tolling for at least the 30 days period that prison officials had custody of his paperwork for purposes of certifying his trust account balance on the IFP application.

outside his control. The question becomes whether the lack of representation, in context of all the relevant circumstances, prevents timely filing and warrants the court's exercise of its equitable powers.

Respondent argues that petitioner cannot prevail unless he demonstrates that the delay in his case was "extraordinary." ECF No. 29 at 7. But petitioner does not contend that the delay supports tolling on grounds of its length alone. The 68 day delay here is less egregious, viewed in isolation, than the delays that supported equitable tolling in San Nicolas v. Ayers, No. 1:06-cv-00942 LJO, 2007 U.S. Dist. LEXIS 21425, 2007 WL 763221 (E.D. Cal. Mar. 9, 2007) (188 days) and Hoyos v. Wong, 2010 U.S. Dist. LEXIS 13086, 2010 WL 596443 (S.D. Cal. Feb. 16, 2010) (217 days). However, whether the length of delay alone can be deemed "extraordinary" is not dispositive. The question is whether the combination of circumstances asserted in support of equitable tolling was sufficient to prevent filing by the presumptive due date. Lott v. Mueller, 304 F.3d 918, 924-25 (9th Cir. 2002) ("the confluence of numerous factors" may prevent timely filing and support equitable tolling).

As noted above, petitioner emphasizes the age and complexity of the case and the size of the record. This case arises from a murder that occurred in San Joaquin County in 1979. There were two trials, the first in 1980 and a penalty phase retrial in 1990. Both verdicts were appealed, and a state habeas petition was filed during the pendency of the appeal from the penalty retrial. Neither federal counsel had been involved in any of the prior proceedings. Accordingly, as of the date of appointment counsel had only the most glancing familiarity with the case.

In order to prepare the federal petition, counsel must initially review a trial record that consists of approximately 19,000 pages (inclusive of both the Reporter's Transcripts and Clerk's Transcripts), approximately 1,100 pages of appellate briefing, 500 pages of state habeas pleadings, and 2000 pages of state habeas exhibits. The core record accordingly totals approximately 22,600 pages. Counsel must also review approximately 28 banker's boxes of prior

////

////

////

counsel's files, estimated to contain 78,600 pages of materials.[5] This is by any measure an extraordinary amount of material to review, analyze, incorporate as appropriate into an investigation plan, and build upon in creating a comprehensive new document, the federal petition.

Counsel's obligations in this case include independent investigation that is made particularly challenging by the age of the case. The murder for which petitioner was convicted happened over 36 years ago. There was no physical evidence linking petitioner to the crimes; the prosecution relied primarily on the testimony of two witnesses whose reliability petitioner disputes. The evaluation and development of witness reliability evidence necessarily depends in significant part on human sources and memories which deteriorate over time, unlike physical evidence that can be preserved for future re-evaluation. Counsel contend further that their ability to investigate penalty phase mitigation issues – issues which were undeveloped at both trials, and can therefore be expected to comprise a significant portion of the federal petition – will be severely hampered by the passage of so much time. Counsel's concerns about the continued existence of witnesses and evidence, and their ability locate them, are well-founded. The identification, location, and gathering of extant evidence will undoubtedly be unusually difficult and time-consuming in a case that is unusually old.

Respondent contends that petitioner has not established that these circumstances make it literally impossible for him to file a petition by June 24, 2016. While petitioner's moving papers do not include the exact words "Filing by June 24, 2016 is not humanly possible," such talismanic language is not required. Petitioner's entire motion is predicated on the proposition that the necessary work cannot reasonably be accomplished in 297 days. Counsel have expressly represented, based on their capital habeas experience, that the work necessary for this case requires their efforts for the full year provided by the limitations period. ECF No. 30 at 8. That assertion is well supported.

---

[55] There are also electronic files from prior counsel totaling 169 MB. It is unknown at this time how much of this data is duplicative of the paper files.

Having carefully reviewed petitioner's pending budget request, the undersigned finds counsel's time estimates for record review, investigation, and preparation of the petition to be generally reasonable, notwithstanding any specific line items that may be adjusted by the court or the Capital Case Committee. The court further finds that the review and investigation proposed, in light of the case's factual and procedural complexity, is necessary to fulfill counsel's ethical duties to their client and to satisfy petitioner's right to counsel, and that this work could not reasonably be accomplished by June 24, 2016. There is nothing speculative about the predictable impact, absent tolling, of the delay in appointment on the work to be done. Moreover, counsel cannot have begun the necessary work until they were appointed.

Respondent argues that a grant of tolling in this case would effectively and impermissibly rewrite the statute of limitations to run from the appointment of counsel in capital cases. That is not the case. The court does not suggest that 365 days post-appointment is necessarily required in every case for the filing of a federal petition. Rather than adopting any "mechanical rule," the undersigned has considered all the relevant circumstances on the "case-by-case basis" required by the U.S. Supreme Court. Holland, 560 U.S at 649-650.

This case is comparable to others in which district courts in California have granted equitable tolling for delays in the appointment of counsel in light of voluminous records, case complexity, and a general showing by plaintiff's counsel of the work to be done. See Kennedy v. Warden, No. 2:13-cv-02041 LKK KJN DP, 2014 U.S. Dist. LEXIS 53261 (E.D. Cal. Apr. 16, 2014) (recommending tolling for 120 day period between initial filing and appointment of counsel), Findings and Recommendations adopted at ECF No. 35 (E.D. Cal. Jun. 17, 2014); Dykes v. Chappell, 2012 U.S. Dist. LEXIS 122260, 2012 WL 3727263 (N.D. Cal. Aug. 28, 2012) (tolling for 60 day period between initial filing and appointment of counsel); Dickey v. Ayers, No. 1:06-cv-00357 AWI, 2006 U.S. Dist. LEXIS 89170, 2006 WL 3359231 (E.D. Cal. Nov. 20, 2006) (tolling for 138 day period between initial filing and appointment of counsel).

For all the reasons explained above, the court concludes that the 68-day delay in appointment of counsel in this case, considered in light of the age and complexity of the case (including the fact of the penalty retrial and the size of the record), constitutes an exceptional

circumstance outside petitioner's control that prevents him from filing within the one-year period. Moreover, requiring counsel to file a petition in 297 days would, in these circumstances, impermissibly impair Mr. Bunyard's right to counsel, which includes "a right for that counsel meaningfully to research and present [his] habeas claims." McFarland v. Scott, 512 U.S. 849, 859 (1994). Accordingly, the undersigned recommends that the statute of limitations be equitably tolled for the 68 days that petitioner was unrepresented by counsel.

B. Additional Tolling

Petitioner seeks additional tolling through December 15, 2015, on grounds that he was effectively without counsel until the state court record was available in its entirely via CM/ECF. Counsel represent that they were "limited" in the work that they could do earlier, because (1) they had possession of only some of the state court record, and (2) prior counsel's files had been obtained by their paralegal but had not been scanned and transmitted to them because they did not yet have funding authorization for that task. ECF No. 20 at 13. The court is not persuaded that this state of affairs amounts to constructive denial of counsel or otherwise constitutes an extraordinary circumstance that would support equitable tolling.

The Ninth Circuit has held that equitable tolling may be appropriate, in some circumstances, where a pro se petitioner is entirely deprived of access to case materials. Ramirez v. Yates, 571 F.3d 993, 998 (9th Cir. 2009) (complete lack of access to a legal file may constitute an extraordinary circumstance); see also Lott v. Muller, supra, 304 F.3d at 924 (lack of access to files during temporary transfers); United States v. Battles, 362 F.3d 1195, 1196-97 (9th Cir. 2004) (transcripts withheld by former counsel). This is not such a situation. Counsel in this case acknowledge that they had some, but not all, case materials prior to the completion of respondent's e-filing. There has been no particularized showing that the portions of the record they lacked were so crucial that nothing else could be done until they were reviewed.

It is clear from the procedural history of the case that counsel have in fact been diligently doing what they need to do in order to identify legal issues and preliminarily plan their investigation. Partial access to records did not prevent the drafting of an initial budget proposal. Although initial budgets are always subject to requests for amendment as counsel learn more

about their case, it is clear that counsel are not shooting in the dark. They appear to have a preliminary idea of what much of their case will be about, and to be actively working on expanding that understanding.

The court rejects the implication that the absence of a budget prevented counsel from obtaining records in the possession of their paralegal. While there may well be expenses that should not be incurred prior to court approval, this is not one of them. The court notes that counsel have not themselves failed to expend time on the case, including the time required to seek equitable tolling, on grounds the budget for those hours has not been approved.

The court appreciates the challenges created for counsel by delays in access to case-related materials, and by the need to begin work prior to approval of a budget, but concludes that petitioner has not demonstrated how those challenges, on the specific facts of this case, would actually prevent timely filing of the petition absent additional tolling. Upon consideration of all these matters, the court concludes that petitioner has not supported his burden of establishing extraordinary circumstances for the period from appointment to electronic filing of the state court record. Accordingly, the undersigned recommends that no additional tolling be provided for time following the appointment of counsel.

IV. Conclusion

For the reasons explained above, IT IS HEREBY RECOMMENDED that petitioner's motion for equitable tolling, ECF No. 20, be GRANTED IN PART, for a period of sixty-eight (68) days, and that the filing date for the petition accordingly be extended to August 31, 2016.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within ***fourteeen*** days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within ***seven*** days after service of the objections. The parties

////

////

are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: January 12, 2016

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE