UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| JERRY BUNYARD, | No. 2:15-cv-1790 WBS AC |
| Petitioner, | |
| v. | ORDER |
| RON DAVIS, Warden, | |
| Respondent. | |

----oo0oo----

Petitioner, a state prisoner sentenced to the death penalty, filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Docket No. 44.) The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On July 6, 2017, respondent moved to dismiss the petition on the grounds that 23 of the 43 claims for relief were not exhausted and that one of the claims was not cognizable. (Docket No. 45.) On August 23, 2017, petitioner filed an exhaustion petition with the California Supreme Court. He then

asked this court to stay these proceedings and hold them in abeyance pending the disposition of the exhaustion petition. (Docket No. 51.)

A federal district court may not address the merits of a petition for writ of habeas corpus unless the petitioner has exhausted state court remedies with respect to each of his federal claims. Rose v. Lundy, 455 U.S. 509 (1982); 28 U.S.C. § 2254(b)(1). In cases where, as here, a federal habeas petition is "mixed," i.e., containing both exhausted and unexhausted claims, a district court may stay that petition pending the exhaustion of all claims only in "limited circumstances." Rhines v. Weber, 544 U.S. 269, 277 (2005). Specifically, under Rhines, a district court may stay a "mixed" federal habeas petition upon a demonstration that: (1) there is "good cause" for petitioner's failure to previously exhaust her unexhausted claims in the state courts; (2) the unexhausted claims are potentially meritorious; and (3) petitioner has not engaged in intentionally dilatory litigation tactics. Id. at 277-78.

On November 20, 2018, the magistrate judge filed findings and recommendations regarding petitioner's Motion to Stay ("Findings and Recommendations"). (Docket No. 58.) Applying Rhines' three-part test to the instant case, the magistrate judge recommended granting petitioner's Motion to Stay and dismissing respondent's Motion to Dismiss as moot. These findings and recommendations were served on all parties and contained notice to all parties that any objections to the findings and recommendations were to be filed within fourteen days. (Docket No. 58.) Respondent has filed objections to the

2

findings and recommendations. (Docket No. 59). Petitioner has also responded to those objections. (Docket No. 60.) In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a de novo review of petitioner's Motion for Stay and Abeyance.

The petitioner need only establish that a <u>Rhines</u> stay is appropriate for one of its unexhausted claims since, "[o]ne claim requiring a stay acts as an umbrella for all claims." See <u>Horning v. Martel</u>, No. 2:10-CV-01932 JAM GGH, 2011 WL 5921662, at *3 (E.D. Cal. Nov. 28, 2011) (findings and recommendations), adopted in full, No. CIV S-10-1932 JAM GGH, 2012 WL 163784 (E.D. Cal. Jan. 19, 2012). Both petitioner's memorandum in support of his Motion to Stay and the magistrate judge's findings and recommendations focused upon the ways in which Claim 35 satisfies the <u>Rhines</u> criteria. (Mem. in Supp. of Mot. to Stay at 5-6; Findings and Recommendations at 4-8). This court accordingly examines whether or not Claim 35 satisfies the <u>Rhines</u> criteria.

I. <u>Discussion</u>

Throughout petitioner's state post-conviction proceedings, he was represented by attorneys in private practice who were appointed by the California Supreme Court. (Pet. for Writ of Habeus Corpus at 370 (Docket No. 44).) Claim 35 of petitioner's writ of habeus corpus concerns the alleged disparity between the allegedly meager resources available to him in his habeas corpus proceedings and the far greater resources available to similar petitioners represented by public agencies. Claim 35 maintains that these disparities are unconstitutional under the equal protection and due process clauses of the Fourteenth

Amendment. (Id. at 371.) The parties agree that Claim 35 is not exhausted, but they disagree about whether the petitioner has demonstrated "good cause" for his failure to exhaust the claim in state court, as well as about whether the claim is plainly meritless and whether the petitioner has engaged in dilatory or abusive litigation tactics. The court will address each of these issues in turn.

    A.    <u>"Good cause" for failure to exhaust</u>

During his initial habeas corpus proceedings, the petitioner requested additional funding in order develop and establish law and fact relevant to his claims. (Pet'r's Mot. to Stay and Abey Federal Habeus Corpus Proceedings at 5 (Docket No. 51).) The California Supreme Court did not rule on this request for over five years; ultimately, it denied the request at the same time as it denied his state habeas petition. (Id.)

In his memorandum in support of his Motion to Stay, petitioner contends that Claim 35's constitutional violations did not occur until the California Supreme Court denied his request for additional funds. (Id.) Petitioner further argues that because this violation occurred at the same time as the denial of his state habeas case, he could not have raised the claim at an earlier time. (Id.) Respondent counters by arguing that "[p]etitioner's assertion that any disparate treatment could not have been raised until the conclusion of the proceedings does not demonstrate good cause" since the alleged disparity of treatment "must have existed throughout his representation, not just when the state post-conviction proceedings concluded." (Objs. to Magistrate Judge's Findings and Recommendations at 6 (Docket No.

59).)

The respondent may well be correct that the petitioner could have raised his disparity of treatment claim at some point prior to the conclusion of the state post-conviction proceedings. Respondent is wrong to suggest, however, that this fact alone dictates a lack of "good cause" for failure to exhaust under Rhines. There is a range of time between when a claim first becomes ripe for adjudication and the moment it becomes time-barred or moot. The fact that petitioner chose not to bring his disparate treatment claim at the earliest possible moment does not mean that there was not "good cause" to wait: the claim was apparently strengthened by the denial of his request for additional resources. In the instant case, the denial of petitioner's request for additional resources occurred at the same time as the conclusion of his state habeas proceedings. For this reason, in this case, "good cause" for waiting to bring the claim is indicative of "good cause" for failure to exhaust the claim in state court.

B. The potential merit of the unexhausted claims

Even when good causes exists for a petitioner's failure to exhaust a claim in state court, the district court may abuse its discretion if it grants petitioner stay when his unexhausted claims are "plainly meritless." Rhines, 544 U.S. at 277. Here, the merit of petitioner's 35th claim is contested and complex. The court agrees with the magistrate judge's finding that "[w]hether petitioner can successfully establish a violation of the Constitution, and the availability of federal habeas relief, are questions for another day." Like the magistrate judge, "[a]t

this stage, the undersigned cannot conclude that the claim is plainly meritless." (Findings and Recommendations at 7)

    C.    <u>Nature of petitioner's litigation tactics</u>

The court finds no evidence in the record that the petitioner has engaged in abusive or intentionally dilatory litigation tactics.

Having carefully reviewed the file, the court finds the magistrate judge's recommendations to be supported by the record. Though this court's rationale for why petitioner had good cause for failing to exhaust his state law claims differs slightly from that of the magistrate judge, the outcome is the same. Accordingly, the court substantially adopts the magistrate judge's findings and recommendations and grants petitioner's motion for stay and abeyance.

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed November 20, 2018 (Docket No. 58), are adopted to the extent that they are not inconsistent with the reasoning in this order;

2. Petitioner's motion to stay and abey federal habeas corpus proceedings (Docket No. 51) is granted; and

3. Respondent's motion to dismiss (Docket No. 45) is denied as moot.

Dated: January 4, 2019

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE